**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Gable, | No. CV-13-00135-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Anthony Gable applied for disability insurance benefits and supplemental security income on August 14, 2009, claiming to have been disabled as of April 28, 2009. Tr. 117-128. The Commissioner denied the application on February 22, 2010. Tr. 105-108. Plaintiff requested a hearing (Tr. 55-56), and appeared before an Administrative Law Judge ("ALJ") on April 28, 2011 (Tr. 28, 91). The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 13-22. The ALJ's decision became Defendant's final decision when the Appeals Council denied review on December 6, 2012. Tr. 1-3. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. The parties have not requested oral argument. For reasons that follow, the Court will vacate Defendant's decision and remand for an award of benefits.

**I.     Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d

Case 2:13-cv-00135-DGC   Document 22   Filed 09/04/13   Page 2 of 12

880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see Robbins*, 466 F.3d at 882.

**II.   Analysis.**

For purposes of Social Security benefits determinations, a disability is "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505. Determining whether a claimant is disabled involves a five-step evaluation. The claimant bears the burden in steps one through four of showing that (1) he is not engaged in a substantial gainful activity, (2) he has a severe medically determinable physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work.[1] If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five. The Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 15. At step two, the ALJ found that Plaintiff

---

[1] RFC is the most a claimant can do in light of the limitations caused by his impairments. *See Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); 20 C.F.R. § 416.945 (a); SSR 96-8p, 1996 WL 374184 (July 2, 1996).

suffered from the following severe impairments: chronic obstructive pulmonary disease ("COPD"), deep vein thrombosis ("DVT"), and hypertension. *Id.* The ALJ determined at step three that none of these impairments or their combination met or equaled a listed impairment. Tr. 17. The ALJ then considered the entire record and determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following restrictions: lift and carry ten pounds frequently and twenty pounds occasionally; sit, stand, and walk for no more than six hours in an eight-hour workday; avoid working in areas with poor ventilation and around dust, fumes, odors, and gases. Tr. 17. The ALJ concluded that while Plaintiff is not able to perform his past relevant work (Tr. 20), he is not disabled because he has the RFC to perform a full range of light work (Tr. 21).

Plaintiff argues that the ALJ erred by improperly rejecting his symptom allegations (Doc. 18 at 19-24) and by improperly weighing medical opinions (*id.* at 12-19). Defendant contends the decision is supported by substantial evidence and free from legal error. Doc. 20 at 10.

### A.   Plaintiff's Testimony.

Plaintiff testified that he is 49 years old, divorced, and has two adult children. Tr. 32. Plaintiff stated that he is right-handed and that he completed the tenth grade. Tr. 32-33. Plaintiff stated that he has a valid driver's license and drives two or three times a week. Tr. 33. Plaintiff testified that he stopped working in April 2009 because a hospital admitted him for a heart attack after he reported chest pains. Tr. 33. Before then, Plaintiff stated that he worked as a truck driver and a forklift operator. Tr. 33-34.

Plaintiff testified that he suffers from COPD, a right ankle fracture, carpel tunnel syndrome, depression, anxiety, and concentration difficulties. Tr. 34-35. Plaintiff stated that he had venous thrombosis and was prescribed Coumadin for the condition. Tr. 35. Plaintiff testified that about four times a week he has migraine headaches that last anywhere between twenty minutes and a few hours. Tr. 40. Plaintiff stated that he had Osgood-Schlatter disease as a child and that it still causes him bone pain. Tr. 41.

1    Plaintiff testified that he takes the following medications:  Advair, Spiriva inhaler,
2    Nasonex albuterol nebulizer, Proair inhaler, Mucinex oral tablets, 80 milligrams of
3    aspirin, Enalapril, Pantoprazole, Vicodin, acetaminophen, Prozac, and Xanax. Tr. 36-37.
4    Plaintiff stated that he has to wear glasses, but is not concerned with his vision.  Tr. 40.

5    Plaintiff testified that walking or sitting for too long exacerbates his pain.  Tr. 41.
6    Plaintiff stated that he had been using a walking cane for the past eight months.  Tr. 42-
7    43.  Plaintiff testified that he could climb one to three steps, but could not climb a flight
8    of stairs.  Tr. 37-38.  Plaintiff stated that he could walk 30 to 50 yards – with or without
9    his cane – before needing to stop and rest.  Tr. 38, 42-43.  Plaintiff testified that he can
10   stand still for about an hour, and that he can sit for about 90 minutes before needing to
11   stand.  Tr. 38.  Plaintiff stated that he could lift about 10 to 15 pounds and carry that same
12   weight for a short distance.  *Id.*  Plaintiff testified that he could bend over, kneel, and
13   squat, but reported having some trouble returning to a standing position after such
14   movements.  Tr. 39.  Plaintiff described having problems reaching and pushing with his
15   right arm, but stated that he did not have right-hand grip problems.  Tr. 39.  Plaintiff
16   stated he has left-hand grip problems because of carpel tunnel syndrome.  *Id.*  Plaintiff
17   described having an ongoing loss of feeling and sensation in his left hand.  Tr. 39-40.
18   Plaintiff stated that he is allergic to dust and most respiratory irritants.  Tr. 40.

19   To relieve his pain, Plaintiff testified that he takes his anxiety medication, turns
20   the lights off, sits in a recliner, and puts a towel on his eyes.  *Id.*  Plaintiff stated that over
21   the course of a day he spends "[a] majority of the time" in a reclining chair.  Tr. 46.  He
22   also stated that he spends most of his sitting time in a reclined position.  *Id.*  Plaintiff
23   testified that reclining relieves his chest pressure, and alleviates his ankle pain and
24   migraine headaches.  Tr. 47.

25   Plaintiff described having panic attacks that occur about four times a month on
26   anniversary dates of family deaths.  Tr. 42.  Plaintiff testified that his anxiety causes him
27   to reduce the time he spends communicating with others and makes it difficult for him to
28   meet new people.  Tr. 48.  Plaintiff stated that he has become introverted and sometimes

does not want to leave his apartment because he feels overwhelmed. Tr. 42, 46. Plaintiff stated that it could take him a few hours to pay bills because it is difficult for him to focus. Tr. 46. Plaintiff described suffering from short-term memory loss and stated that, due to these memory problems, a friend helps him write shopping lists and accompanies him to stores. Tr. 44-45.

Plaintiff testified that he could not work fulltime as a lobby attendant because he does not have the "physical capacity to take someone and show them where they have to go, and actually probably remembering where I'm sending them." Tr. 47.

The ALJ concluded Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they are inconsistent with the RFC assessment. Tr. 34. In reaching this conclusion, the ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ first determined that Plaintiff's impairments could reasonably produce the symptoms alleged. Tr. 18. Given this conclusion, and because there is no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for finding Plaintiff not entirely credible. *Smolen*, 80 F.3d at 1281. This clear and convincing standard "is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002).

The ALJ determined that Plaintiff was "partially credible." Tr. 20. Plaintiff argues that the ALJ improperly rejected his symptom and disabling limitation. Doc. 18 at 20. The Court agrees.

The ALJ appears to have partly rejected Plaintiff's subjective complaints based on inconsistencies in Plaintiff's testimony. Tr. 18. After summarizing Plaintiff's symptoms and functional limitation testimony (*id.*), the ALJ appears to have acknowledged Plaintiff's limitations – "[d]espite these alleged limitations" – and proceeded to summarize Plaintiff's daily activities testimony (*id.*). The ALJ provided no analysis of

how Plaintiff's daily activities conflict with Plaintiff's account of his pain and physical limitations. Defendant argues that the ALJ rejected Plaintiff's claims of disabling limitations because "Plaintiff's own statements regarding his level of functioning indicated that Plaintiff was not as limited as he alleged." Doc. 20 at 16. The Court cannot find, however, that the ALJ made this finding when the extent of the ALJ's explanation was to summarize without analysis portions of Plaintiff's daily activities. An ALJ may properly find a claimant incredible based on his daily activities, *Curry v. Astrue*, No. 09-CV-2580-PHX-GMS, 2010 WL 3789535, at *6 (D. Ariz. Sept. 22, 2010); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005), but the ALJ must offer an interpretation of this evidence and explain why it suggests that the claimant's symptom testimony is not credible. The ALJ did not do that here.

Defendant argues that the ALJ found that the objective medical evidence did not comport with Plaintiff's symptom allegations and properly discredited Plaintiff's subjective complaints. Doc. 20 at 15. The ALJ did provide a lengthy summary of the medical evidence (Tr. 19-20), but the ALJ did not identify any contradictions between Plaintiff's testimony and this medical evidence, nor did the ALJ make any findings based his recapitulation of the evidence. Accordingly, the Court cannot find that the ALJ rejected Plaintiff's testimony based on a finding that the objective evidence was inconsistent with Plaintiff's testimony. *See, e.g.*, *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (The Court may not "affirm the ALJ's credibility decision based on evidence the ALJ did not discuss."). The ALJ did not present "specific, clear and convincing reasons" for finding Plaintiff's testimony not credible. *Smolen*, 80 F.3d at 1281. The Court finds that the ALJ's rejection of Plaintiff's symptom testimony without proper explanation or analysis was legal error.

### B. Medical Opinion Evidence.

"The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(d); SSR 96-5p,

1996 WL 374183, at *2 (July 2, 1996).  The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinions of an examining physician than a non-examining physician.  *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); 20 C.F.R. § 416.927(d)(1), (2).  A treating physician's opinion is not necessarily conclusive of a physical impairment or the ultimate issue of disability.  *See Thomas*, 278 F.3d at 957 (citing *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999)).

Where the treating physician's opinion is credible and uncontroverted, the ALJ must provide clear and convincing reasons for rejecting it.  *Id.*  "Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830-31).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  Further, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."  *Thomas*, 278 F.3d at 957 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).

### 1. Dr. Mark Wagner, M.D.

Dr. Wagner, Plaintiff's treating physician, completed a physical capacities evaluation on April 28, 2010.  Tr. 810-14.  Dr. Wagner determined that Plaintiff suffers from disabling pain due to a decreased lung capacity and severe headaches.  Tr. 812-13.  Dr. Wagner opined that Plaintiff's pain and medication side effects moderately affect his attention and concentration capacities.  Tr. 814.  Dr. Wagner opined that in an eight-hour workday, Plaintiff could sit for four hours and stand or walk for one hour, but must

alternate between sitting and standing throughout the day. Tr. 811. Dr. Wagner opined that Plaintiff could never climb, crouch, crawl, or lift, or carry more than 10 pounds; could occasionally balance, stop, kneel, reach above shoulder level, and lift or carry 10 pounds or less; and could not be exposed to unprotected heights, dust, fumes, gases, or marked changes in temperature and humidity. Tr. 812. Dr. Wagner also determined that Plaintiff is severely restricted from activities involving moving machinery, and that he is mildly restricted from driving automotive equipment. *Id.* In an April 29, 2010 letter, Dr. Wagner noted that he treats Plaintiff for COPD and migraine headaches and stated that Plaintiff "is unable to work due to impaired respiratory reserves and recurrent headaches affecting concentration." Tr. 810. Dr. Wagner opined that Plaintiff "is unable to work in gainful employment and I do not see this changing in the foreseeable future." *Id.*

The ALJ gave Dr. Wagner's treating physician's opinion "little weight" (Tr. 20), finding that the Dr. Wagner's opinion was "not supported by objective evidence" and "inconsistent with the record as a whole" (*id.*). The ALJ noted that "Dr. Wagner primarily summarized in the treatment notes [Plaintiff]'s subjective complaints, diagnoses, and treatment, but did not provide objective clinical or diagnostic findings to support the functional assessment." *Id.* Additionally, as to Dr. Wagner's opinion that Plaintiff is disabled, the ALJ found that "[a]s an opinion on an issue reserved to the Commissioner, this statement is not entitled to controlling weight and is not given special significance[.]" *Id.*

Plaintiff argues that the ALJ erred in giving "little weight" to Dr. Wagner's opinion. Doc. 18 at 15. Because Dr. Wagner's opinion is inconsistent with the opinion of Dr. Alec Platt, M.D., Plaintiff's other treating physician, the ALJ could have properly rejected Dr. Wagner's contradictory opinion by offering specific and legitimate reasons. *See Carmickle*, 533 F.3d at 1164. Plaintiff argues that the ALJ did not provide specific and legitimate reasons because he "did not explain why Dr. Wagner's opinion 'is not supported by objective evidence'" and "did not 'give good reasons' for according the opinion of the treating source . . . no weight." Doc. 18 at 15-16. Plaintiff submits that

objective evidence supports Dr. Wagner's opinion, and points to chest x-rays indicating COPD (*id.* at 15 (citing Tr. 899)), pulmonary function studies showing "significant" limitations (*id.* (citing Tr. 832)), a polysomnogram indicating "severe" obstructive sleep apnea (*id.* (citing Tr. 377-84)), electrocardiogram results consistent with ischemia (*id.* (citing Tr. 495-96)), and evidence indicating that Plaintiff underwent cardiac catheterization procedures (*id.* (citing Tr. 428-29, 491-92)).  Although Dr. Wagner may have "had access" to this objective evidence (Doc. 18 at 15), Plaintiff has not pointed to anything in Dr. Wagner's medical notes indicating that he relied on this evidence in rendering an opinion.  That Dr. Wagner did not support his functional assessment with objective clinical or diagnostic findings is a specific and legitimate reason for the ALJ to have rejected his opinion.  *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ did not err in rejecting treating physicians' opinion that "was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of [the claimant]'s medical condition, and was based on [the claimant]'s subjective descriptions of pain"); *Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion, which was unsupported by medical findings, personal observations, or test reports).[2]

Plaintiff argues that the ALJ erred in rejecting Dr. Wagner's opinion "on issues reserved to the Commissioner," and submits that Dr. Wagner's "assessment of [his] functional limitations is not such an opinion."  Doc. 18 at 16.  Plaintiff is correct that a treating physician's functional limitations assessment is not an issue reserved to the

---

[2] Plaintiff notes that "[i]ronically, the ALJ, while rejecting Dr. Wagner's opinions as based on subjective rather than objective evidence, rejected Dr. Vigderman's opinion because he failed to consider [Plaintiff]'s subjective allegations."  Doc. 18 at 18.  Plaintiff does not argue, however, that it was legal error for the ALJ to have rejected Dr. Wagner's opinion for this reason.  The Court found above that the ALJ erred in discounting Plaintiff's subjective complaints and, notwithstanding the ALJ's finding that "Dr. Wagner primarily summarized in the treatment notes [Plaintiff]'s subjective complaints" (Tr. 20), the Court concludes that the ALJ's other reasons for rejecting Dr. Wagner's opinion are specific and legitimate and supported by substantial evidence.

Commissioner, but an opinion about whether a claimant would be able to perform fulltime work is such an issue. *See Boardman v. Astrue*, 286 Fed. App'x 397, 399 (9th Cir. 2008); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Accordingly, it was not error for the ALJ to have rejected Dr. Wagner's opinion that Plaintiff "is unable to work." As to Dr. Wagner's functional limitations assessment, the Court finds that the ALJ provided specific and legitimate reasons, described above, for discounting that portion of Dr. Wagner's opinion.

### 2. Dr. Alec Platt, M.D.

Plaintiff's other treating physician, Dr. Platt, examined Plaintiff on October 1, 2009. Tr. 831. Pulmonary function testing from that day demonstrated moderate obstruction, normal lung volumes, and moderate emphysema. Tr. 832. Dr. Platt diagnosed Plaintiff with moderate emphysema and COPD, with acute exacerbation; dyspnea; morbid obesity; hypertension; and seasonal allergies. *Id.* Dr. Platt opined that Plaintiff "certainly does have significant limitations based on his pulmonary function testing exam," and determined that Plaintiff "is not disabled from any work" but "seems to be disabled from his prior job[.]" *Id.* The ALJ afforded Dr. Platt's opinion "significant weight" because it "is generally consistent with the record as a whole[.]" Tr. 20.

Plaintiff argues that the ALJ erred in affording Dr. Platt's opinion significant weight while rejecting Dr. Wagner's opinion because, unlike Dr. Platt, Dr. Wagner offered specific opinions as to Plaintiff's functional limitations. Doc. 18 at 17. The Court disagrees. The ALJ noted that Dr. Platt "did not specify any specific limitations" (Tr. 20), and found that "this is generally consistent with the record as a whole" (*id.*). An ALJ is generally required to give significant weight to the opinion of a treating physician, and thus the ALJ's decision to rely on Dr. Platt's opinion did not constitute legal error.

### 3. Dr. Robert Vigderman, M.D.

Dr. Vigderman, a state agency medical consultant, examined Plaintiff on January 28, 2010. Tr. 770-775. He opined that Plaintiff could frequently carry 20

pounds and occasionally carry 25 pounds, could not run or climb steps on a regular basis, and otherwise had no functional limitations. Tr. 772-75. The ALJ gave Dr. Vigderman's opinion "little weight' because he found that the "assessment d[id] not adequately consider [Plaintiff]'s subjective complaints[.]" Tr. 20.

Plaintiff argues that the ALJ's rejection of Dr. Vigderman's opinion is error. Doc. 18 at 18. Plaintiff submits that ALJ's rejection of Dr. Wagner's opinion because it relied on Plaintiff's subjective complaints is inconsistent with the ALJ's rejection of Dr. Vigderman's opinion because he failed to consider Plaintiff's subjective allegations. The Court concludes, however, that any error in how the ALJ weighed Dr. Vigderman's opinion is harmless because the ALJ imposed more limitations in Plaintiff's RFC than Dr. Vigderman recommended, and these additional limitations benefit Plaintiff. *See Tommasetti*, 533 F.3d at 1038 ("the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." (quotation marks and citations omitted)).

### III.  Remedy.

Having considered the record as a whole, the Court concludes that Defendant's decision denying benefits should be reversed because the ALJ failed to proffer legally sufficient reasons for discounting Plaintiff's subjective complaints. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198, 1202 (9th Cir. 2008). The decision to remand for further development or for an award of benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harmen v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) no outstanding issues remain that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1400 (9th Cir.

1988); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

After applying the credit-as-true rule to improperly discredited evidence, no outstanding issue remains to be resolved before determining that Plaintiff is entitled to benefits. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged pain symptoms (Tr. 18), and Plaintiff testified that, due to his pain, he spends the majority of his days in a reclining chair (Tr. 46). The vocational expert testified that a person who is limited to spending all day in a reclining chair could not work. Tr. 50.

Because it is clear that the ALJ would be required to find Plaintiff disabled if his evidence is credited as true, *see Benecke*, 379 F.3d at 593-95, the Court will remand the case for an award of benefits. *See, e.g.*, *D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at *9 (D. Ariz. Dec. 27, 2007) (remanding for an award of benefits where the vocational expert testified that the claimant's limitations would preclude all work).

**IT IS ORDERED:**

1. Defendant's decision denying insurance benefits is **reversed**.
2. The case is **remanded** for an **award of benefits**.

Dated this 4th day of September, 2013.

_____
David G. Campbell
United States District Judge

- 12 -