**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Gable,<br><br>           Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>           Defendant. | No. CV-13-00135-PHX-DGC<br><br>**ORDER** |

      Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after his application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for further proceedings. Doc. 22. Plaintiff has now filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 23. The motion is fully briefed and no party has requested oral argument. For reasons that follow, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $7,415.36.

      "The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 22; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258. A position is substantially

justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust, but instead argues that her position was reasonable and therefore substantially justified. Doc. 24 at 6. In this case, the Court found that the ALJ committed legal error by finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible, but failing to identify contradictions between Plaintiff's testimony and medical evidence. Doc. 22 at 6. Defendant argues that even though the ALJ's position lacked sufficient explanation, it was nonetheless supported by the record and therefore substantially justified. Doc. 24 at 6. It is well-settled, however, that the ALJ must provide "specific, clear and convincing reasons" for finding a claimant's testimony not credible, and that the ALJ's decision cannot be supported on grounds the ALJ did not identify. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Because the ALJ's decision did not provide such reasons, Defendant's position did not have a "reasonable basis in law" and was not substantially justified.

Plaintiff's counsel, Julie L. Glover, has filed an affidavit (Doc. 23-4) and an itemized statement of fees (Doc. 23-2) showing that she worked 39.75 hours on this case. Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 23) is **granted**.
2. Plaintiff is awarded **$7,415.36** pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 19th day of December, 2013.

*David G. Campbell*
David G. Campbell
United States District Judge